

**FILED**
January 24, 2023 03:07 PM
ST-2022-CR-00012
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

PEOPLE OF THE VIRGIN ISLANDS, )
)
          Plaintiff, )
)
      v. )    CASE NO. ST-22-CR-012
)
SHAMALL FLEMING, )
)    Cite as: 2023 V.I. Super 2U
          Defendant. )
)

## MEMORANDUM OPINION

¶1.    **THIS MATTER** is before the Court on the "Motion to Dismiss or Consolidate Counts Five, Seven, Nine, and Eleven" filed on July 29, 2022, by Defendant, Shamall Fleming ("Fleming"), pursuant to Virgin Islands Rule of Criminal Procedure 12(b)(B)(ii). Defendant moves this Court to dismiss or in the alternative, to consolidate counts five (5), seven (7), nine (9), and eleven (11) as being multiplicitous. The People of the Virgin Islands ("the People") filed an Opposition on August 1, 2022. For the following reasons, Defendant's motion to consolidate will be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

¶2.    The People have charged Fleming with several acts of domestic violence against his wife, Monique Johnson-Fleming ("Mrs. Fleming"), including assault, rape, disturbance of the peace, and possession of a dangerous weapon charges. The People allege that on the morning of January 6, 2022, Fleming beat his wife by wrapping a towel around his hand and punching her to the back of her head. He then continued beating her by placing a cushion against her head and punching on it. Further, in an attempt to prevent Mrs. Fleming from calling the police, the Defendant strangled his wife by grabbing her by the throat causing her to suffocate for at least five (5) seconds before releasing her. The People also allege that the Defendant subsequently grabbed Mrs. Fleming's

phone from her hand and slammed it on the floor; he then picked it up and slammed it against the wall to ensure that she was not able to contact the police. The People further averred the cause for the Defendant's actions was his frustration about being locked out of an apartment that he shared with Mrs. Fleming and her subsequent request of him to move out of their domicile.[1] Following the incident, Mrs. Fleming went to the police station and filed a police report. In addition to providing the details about the incident and the nature of her relationship with Defendant Fleming, Mrs. Fleming also provided the police with information about Defendant's place of employment and vehicle information for the purposes of his apprehension.

¶3.     The People further allege Mrs. Fleming eventually left the police station but did not return home until January 7, 2022.  Thereupon, she discovered her husband in the apartment, to her surprise. Immediately after, Defendant allegedly threatened to chop her by placing a machete against her forehead and demanded that she returns the apartment key she took from him the day before. After her refusal to give him the key, he pressed the machete above her neck, and Mrs. Fleming gave him the key as a result. Subsequently, Fleming pushed his wife into the bathroom and then into the bedroom, dragged the wig off her head and demanded sexual intercourse with her. He further threatened to punch her if she continued to resist. The People further stated that after Mrs. Fleming refused to copulate with the Defendant, he then threw her on the bed and forced himself on her.

¶4.     Several hours later, Detective Chanise Potter approached the Defendant at Hospital Ground parking lot, St. Thomas, Virgin Islands, who advised the Defendant of his constitutional rights. Fleming agreed to provide statements to the police and they proceeded to the police station. At the station, Fleming admitted to having a verbal altercation with his wife on the morning of January

---

[1] Affidavit made by Chanise Potter pp.1-2.

6, 2022, and to slamming her cell phone twice in an attempt to prevent her from calling the police. However, Fleming denied beating and strangling his wife. Upon further questioning, the Defendant was arrested.

¶5.     On January 26, 2022, the People formally charged Fleming with twelve counts in the Information:

    i.      Count One – Simple Assault – Domestic Violence, tit. 14 V.I.C. §§ 292, 299(2); 16 V.I.C. § 91(b)(1)(2);

    ii.     Count Two – Assault in the Second Degree – Domestic Violence, tit. 14 V.I.C. § 296(3); 16 V.I.C. § 91(b)(2);

    iii.    Count Three – Disturbance of the Peace – Domestic Violence, tit. 14 V.I.C. § 622(1); 16 V.I.C. § 91(b)(10);

    iv.     Count Four – Aggravated Rape in the First Degree – Domestic Violence, tit. 14 V.I.C. § 1700(c); 16 V.I.C. § 91(b)(6);

    v.      Count Five – Possession of a Dangerous Weapon During the Commission of an Aggravated Rape in the First Degree, tit. 14 V.I.C. § 2251(a)(2)(B);

    vi.     Count Six – Rape in the First Degree – Domestic Violence, tit. 14 V.I.C. § 1701(2); 16 V.I.C. § 91(b)(6);

    vii.    Count Seven - Possession of a Dangerous Weapon During the Commission of Rape in the First Degree, tit. 14 V.I.C. § 2251(a)(2)(B);

    viii.   Count Eight – Assault in the First Degree – Domestic Violence, tit. 14 V.I.C. § 295(3)(4); 16 V.I.C. § 91(b)(1);

    ix.     Count Nine - Possession of a Dangerous Weapon During the Commission of an Assault in the First Degree, tit. 14 V.I.C. § 2251(a)(2)(B);

    x.      Count Ten – Assault in the Third Degree – Domestic Violence, tit. 14 V.I.C. § 297(a)(2); 16 V.I.C. § 91(b)(1);

    xi.     Count Eleven - Possession of a Dangerous Weapon During the Commission of an Assault in the Third Degree, tit. 14 V.I.C. § 2251(a)(2)(B);

    xii.    Count Twelve – Disturbance of the Peace – Domestic Violence, tit. 14 V.I.C. § 622(1); 16 V.I.C. § 91(b)(10).

¶6. On July 29, 2022, Defendant Fleming filed the instant motion. In his motion, Fleming argues dismissal or consolidation of counts 5, 7, 9, and 11 is necessary on the grounds that they are multiplicitous and repeatedly charge him with the same offense, possession of a dangerous weapon during the commission of a crime of violence, in violation of tit. 14 V.I.C. § 2251(a)(2)(B).[2] Defendant asserts that the offenses charged are alleged to have occurred on the same day, the facts underpinning the counts are the same, and the weapon alleged to be used is the same in each count. *Id* at p. 2. As the Information stands, excessive charging prejudices him and suggests to the jury that he has committed several different crimes. *Id.* He concluded that consolidation of the dangerous weapon charges would still accurately reflect what the People of the Virgin Islands have alleged against him. Hence, his motion should be granted. *Id.*

¶7. In their opposition, the People contend that the charges are not multiplicitous because each of the underlying charges are distinct from one another.[3] In particular, they state that even though events occurred within a short period of time, the separate charges are appropriate. The People explained that the weapon charges associated with each underlying offense results from separate criminal acts. The assault in the first degree charge stems from the acts of Defendant pushing Mrs. Fleming into the bedroom, dragging the wig off her head and struggling with her to commit a rape; the assault in the third degree charge arises from the Defendant's threat to chop his wife while holding the machete against her forehead and demanding the apartment key; the aggravated rape in the first degree charge is based on Fleming's act of holding a machete to his wife's face and pushing her into the bedroom and forcing himself upon her; finally, the rape in the first degree charge is based on the physical force used by the Defendant in order to overpower his wife and

---

[2] Defendant's Motion to Dismiss, p. 1.
[3] People's Opposition, p. 3, paras 8-9.

4

penetrate her. In other words, the People posit that each act of violence allegedly committed by the Defendant represents distinct criminal conduct. Therefore, to amplify their position, the government argued that the Virgin Islands Legislature intended that an underlying crime and its associated weapon charge must be viewed and punished separately. Therefore, consolidation of the weapon charges would fail to accurately capture each criminal conduct. As such, Defendant's motion to dismiss should be denied.

## II.     LEGAL STANDARD

¶8.     Virgin Islands Rule of Criminal Procedure 12(b)(3)(B)(ii) allows a party to challenge a defect in the charging information before trial, namely that the information is "charging the same offense in more than one count (multiplicity)."[4] Title 14, § 104 of the Virgin Islands Code prevents multiple punishments for a single act or omission that can be charged under several different counts.[5] This rule provides:

> "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

¶9.     Multiplicity occurs when an information charges a single crime in several different counts." *People of the V.I. v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014). In determining whether an indictment is multiplicitous, the Court looks to whether "separate and distinct prohibited acts" have been committed. *United States. v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007). Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof

---

[4] See also *People v. Pringle*, 2021 V.I. Super. 94U, at ¶ 16.
[5] 14 V.I.C. § 104.

of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000) (using the test set forth in *Blockburger* to determine whether certain offenses grew out of the same occurrence); *U.S. v. Liotard*, 817 F.2d 1074, 1077–1078 (3d Cir. 1987); *Titre v. People*, 70 V.I. 797, 803, 2019 V.I. 3 (2019).

¶10.    However, when someone is charged four times under the same statute for conduct occurring around the same time, "[t]he proper inquiry is what 'unit of prosecution' has the Legislature intended as the punishable act. *Estick v. People*, 62 V.I. 604, 621 (2015). "The unit of prosecution for a crime may be an act or a course of conduct." *Id* (citing *Bell v. United States*, 349 U.S. 81, 83 (1955); *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225-26 (1952)) (where a defendant was twice charged with reckless endangerment in violation of 14 V.I.C. § 625(a)).

¶11.    In *Tyson v. People*, 59 V.I. 391, 396 (2013), the Virgin Islands Supreme Court considered a case where a defendant violated 14 V.I.C. § 2253, Unauthorized Possession of a Firearm, twice, for two different murders using the same gun. The Court considered the charges multiplicitous, even though two different murders were committed, it was with the same gun and the crime occurred around the same time. *Id.* The Court ultimately concluded that it is multiplicitous to charge someone for possession of the same weapon multiple times for multiple underlying crimes when the same weapon is used and the crimes are a part of the same ongoing criminal activity. *Id.*

¶12.    In *People v. Pringle*, 2021 VI SUPER 94U, this Court adopted the *Tyson* standard of reasoning. *See supra* ¶11. The Court considered the issue of whether possession of the same gun during the commission of several different crimes occurring under the same general criminal conspiracy constitutes the same offense and, therefore, whether the People are prosecuting a single

violation under separate charges. *Pringle* at ¶ 24. Subsequently, the Court found that like in *Tyson,* one gun was used in the commission of two related crimes, a kidnapping where the person was also assaulted. *Id.* Finding that the assault and kidnapping charges against Pringle were multiplicitous, the Court contemplated whether it should proactively dismiss or consolidate the charges. *Id* at ¶ 25. The Court ultimately decided that the decision should be made on a case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges. *Id.* As such, the Court consolidated the firearm charges associated with kidnapping and three counts of assault in the third degree into one charge. *Id.*

## III.   LEGAL DISCUSSION

¶13.   Fleming argues the People improperly charged him because the four disputed counts are associated with the offenses that occurred in the same course of events on January 7, 2022, and allegedly involved the same weapon used against a single person. *Id.* Fleming also argues that keeping the multiplicitous charges will prejudice him in the eyes of the jury and suggests that he has committed several different crimes. *Id.*

¶14.   The People argue, on the other hand, that pursuant to *Titre v. People,* the Court must apply the *Blockburger* test to see if each underlying charge requires establishing distinct elements of a crime and whether the Virgin Islands Legislature intended for a specific count to be punished in conjunction with another.[6] The People further aver that although Defendant's violence occurred in one string of events on one day, they have appropriately charged the various and distinct acts of the Defendant.[7]

---

[6] People's Opposition p. 3, para. 5.
[7] *Ibid* at para. 8.

¶15.    While the People's analysis of the application of the *Blockburger* test is correct, the analysis does not end there. After examining the pertinent statutes, as well as relevant case law addressing issues of multiplicity of charges, and conducting the *Blockburger* analysis, this Court agrees with Fleming. Here, the weapon charges merged at the time when Fleming's alleged threats of using the machete and pushing Mrs. Fleming into the bedroom facilitated his intent to rape her. Therefore, these separate and distinct acts should not be viewed in isolation. Thus, the dangerous weapon charges associated with these acts of violence should be consolidated.

¶16.    Similarly to *Tyson*, where one gun was used in perpetration of two related murders and reckless endangerment of the public, one weapon, the machete, was also used here in the commission of an alleged assault and rape of Mrs. Fleming. Elements of each underlying charge are facially and substantially under the *Blockburger* analysis, but the unparalleled circumstances such as time, space, and victimization of one person warrant consolidation of the dangerous weapon charges.

¶17.    The Virgin Islands Code defines aggravated rape in the first degree, 14 V.I.C. § 1700(c), as:

> "Whoever perpetrates an act of sexual intercourse or sodomy with a person:
> (c) Whoever uses a deadly weapon during the commission of an act of rape
> as set forth in section 1701-
> is guilty of aggravated rape in the first degree[.]"

Additionally, with respect to rape in the first degree, section 1701(2) defines it as:

> "Whoever perpetrates an act of sexual intercourse or sodomy with a person-
> (2) when the person's resistance is forcibly overcome...is guilty of rape in
> the first degree."

Under the *Blockburger* test, elements of both crimes overlap because Fleming's use of the machete immediately before and during the alleged rape of his wife served as a means of

intimidation to forcibly overcome his wife's resistance to copulate. The record reveals that Fleming apparently had the machete in his immediate possession from the moment Mrs. Fleming returned home and throughout the entire argument when he was allegedly pushing her into the bedroom and sexually assaulting her. Consequently, by committing an act punishable under 14 V.I.C. § 1700(c), use of the machete during unwelcomed intercourse, Fleming simultaneously committed the crime punishable under 14 V.I.C. § 1701(2), forcible sex. Therefore, the *Blockburger* test is satisfied. As a result, the weapon charge associated with the rape in the first degree charge is merged into the weapon charge associated with the underlying aggravated rape in the first degree charge.

¶18.     Turning to the assault charges, under section 295(3) and (4), assault in the first degree is defined as:

> "Whoever-
> (3) with intent to commit rape, sodomy, mayhem, robbery or larceny, assaults another; ...
> (4) commits an act under paragraphs (1) or (2) or (3) of this section in an act of domestic violence as defined in Title 16 Virgin Islands Code, chapter 2, section 91(b) shall be sentenced... [.]"

Additionally, under section 297(a)(2), assault in the third degree is defined as:

> "(a) Whoever, under circumstances not amounting to an assault in the first or second degree-
> (2) assaults another with a deadly weapon."

¶19.     In reference to the underlying assault charges associated with the dangerous weapon charges in counts nine and eleven of the Information, the language in 14 V.I.C. § 297(a) provides for "circumstances not amounting to an assault in the first or second degree". However, that language does not establish an additional element of the offense, but rather constitutes a condition precedent to the sentencing range prescribed in section 297. *Nibbs v. People*, 73 V.I. 617, 622,

2020 V.I. 18, at 12. The language in section 297(a)(2) "assaults another with a deadly weapon" is not analogous to nor does it overlap with section 295(3) or (4). In this particular context, it punishes an act of using a dangerous weapon in furtherance of a crime committed under section 295(3) and (4). Therefore, 14 V.I.C. § 297(a)(2) shall be considered with the assault in the first-degree under § 295(3) and (4). Here, the facts underlying the assault in the third degree charge stem from Fleming's intention to intimidate his wife with the machete in order to repossess the house key upon her arrival home from the police station. The assault in the first degree charge arises from Fleming's subsequently followed acts of tossing, pushing, and overpowering his wife coupled with the use of the same machete as a means of intimidation in order to fulfill his objective of having sex with her. Both acts of violence are part of one chain of events involving the same dangerous weapon used against the same person. Since the fine line separating both acts is nearly invisible under the present circumstances, it is not reasonable to view each instance of using the machete during the this short-lived incident in isolation from one another.

¶20.    When applying the conclusions of law above and the *Blockburger* logical analysis to the case at hand, the weapon charges merge. The totality of the circumstances surrounding the incident that occurred in the early morning hours of January 7, 2022, show that the acts of assault upon Mrs. Fleming occurred immediately upon her return home and ultimately led to her rape. The course of events shows unequivocally that weapon charges should be consolidated.

¶21.    Consequently, counts seven, nine, and eleven should be merged into count five, in that the People are not required to prove any additional element to obtain convictions for counts seven, nine, and eleven that are not required to obtain a conviction under count five. Hence, the *Blockburger* test is satisfied here.

¶22.    In addressing the People's concerns that consolidation of four counts into one would fail

to accurately capture Fleming's criminal conduct, this Court finds that consolidation will merely simplify the Information and reduce repetitive charges. Fleming is only charged with using a single weapon, the machete, against a single victim, so removing the repetitive charges of possession of such weapon during the distinct acts of violence in perpetration of one great crime will not ultimately alter the crimes charged. Therefore, consolidating the four disputed charges into a single charge will more accurately encapsulate the charges against Fleming.

¶23. Finally, considering judicial economy and efficiency, consolidation of the weapon charges eliminates the need for the Court and the parties to address jury instructions for four identical charges of possession of a dangerous weapon during the commission of a violent crime for the same units of prosecution. The Court therefore finds it prudent to consolidate the four disputed charges into one.

## IV. CONCLUSION

¶24. For the reasons provided, this Court finds that consolidation is appropriate at this stage. Accordingly, counts seven, nine, and eleven, each charging Fleming with violating 14 V.I.C. § 2251(a)(2)(B), shall be consolidated into count five. An appropriate order of even date follows.

Dated: January 24, 2023

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By:
Latoya Camacho
Court Clerk Supervisor 01/24/2023

11

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

PEOPLE OF THE VIRGIN ISLANDS, )
)
          Plaintiff, )
)
      v. )      CASE NO. ST-22-CR-012
)
SHAMALL FLEMING, )
)      Cite as: 2023 V.I. Super 2U
          Defendant. )
)

## ORDER

**THIS MATTER** is before the Court upon Defendant Shamall Fleming's "Motion to Dismiss" filed on July 29, 2022. Defendant moves this Court to dismiss counts five (5), seven (7), nine (9), and eleven (11) or in the alternative, to consolidate them into one charge. The People of the Virgin Islands filed their Opposition on August 1, 2022. Consistent with the Memorandum Opinion of even date, it is hereby

**ORDERED** that Defendant's motion to consolidate the dangerous weapon charges into one count is **GRANTED**; and it is further

**ORDERED** that Counts 7, 9, and 11 are **CONSOLIDATED** into count 5; and it is further

**ORDERED** that within one week of the date of entry of this Order the People **SHALL** file the First Amended Information consolidating the respective counts and reflecting a total of nine counts; and it is further

**ORDERED** that copies of the Memorandum Opinion and this Order shall be directed to Assistant Attorney General Anna B. Scott, Esquire and Territorial Public Defender Mary Ann Matney, Esquire.

Dated: January 24, 2023

                                   **Renée Gumbs Carty**
                                 Judge of the Superior Court
                                 of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
  Latoya Camacho
  Court Clerk Supervisor 01/24/2023

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

January 24, 2023 03:09 PM
ST-2022-CR-00012
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

| | |
|---|---|
| **People of the Virgin Islands** | Case Number: **ST-2022-CR-00012** |
| | Charges: **14 V.I.C. 299(2)** |
| **vs.** | **16 V.I.C 91(b); 14 V.I.C. 296 (3)** |
| | **16 V.I.C 91(b); 14 V.I.C. 622(1)** |
| **Shamall Fleming** | **16 V.I.C 91(b); 14 V.I.C. 1700** |
| | **16 V.I.C 91(b); 14 V.I.C. 2251(a)(2)(B)** |
| | **14 V.I.C. 1701(2); 16 V.I.C 91(b)** |
| | **14 V.I.C. 2251(a)(2)(B); 14 V.I.C. 295(3)** |
| | **16 V.I.C 91(b); 14 V.I.C. 2251(a)(2)(B)** |
| | **14 V.I.C. 297(2); 16 V.I.C 91(b)** |
| | **14 V.I.C. 2251(a)(2)(B); 14 V.I.C. 622(1)** |
| | **16 V.I.C 91(b)** |

## NOTICE of ENTRY
## of
## Memorandum Opinion

**To:** Anna B. Scott, Esquire          Mary Ann Matney, Esquire

**Please take notice that on January 24, 2023**
**a(n)** _____ **Memorandum Opinion** _____
**dated** _____ **January 24, 2023** _____ **was entered**
**by the Clerk in the above-titled matter.**

**Dated:** **January 24, 2023**

                                        **Tamara Charles**
                                        **Clerk of the Court**
By:



                                        **Audrey C. Brin**
                                        **Court Clerk II**