IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
************

PEOPLE OF THE VIRGIN ISLANDS,            )
                                         ) CASE NO. ST-2014-CR-00091
                    Plaintiff,           )
           vs.                           ) 14 V.I.C. §§ 605(a), 604(e)(19);
                                         ) 1091 (13 Counts); 835(a)(1); 834(2) (2 Counts)
ROSEMARY SAUTER FRETT,                   )
                                         )
                    Defendant.           )
_____  )

Cite as: 2021 VI Super 121U

## MEMORANDUM OPINION & ORDER

¶1     **THIS MATTER** is before the Court on Defendant, Rosemary Sauter Frett's ("Frett"), Motion for a Bill of Particulars, which was filed February 24, 2021. The People of the Virgin Islands did not file a response. The Information in this matter was filed on February 26, 2014, and Frett was arraigned on April 24, 2014. Rule 3(e) of the Virgin Islands Rules of Criminal Procedure provides, in pertinent part, that "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Therefore, Frett's Motion is untimely and she has not moved the court for leave to file it several years later. Nonetheless, due to the many intervening events such as an appeal to the Supreme Court regarding court-appointed counsel, two Category-5 hurricanes in two weeks, and an ongoing pandemic, the Court will consider Frett's Motion on the merits. Finding that the Information herein does not significantly impair Frett's ability to prepare her defense, nor is it likely to lead to prejudicial surprise at trial, the Motion for a Bill of Particulars will be denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶2     On February 4, 2010, the Government of the Virgin Islands petitioned this Court for the issuance of a warrant for the arrest of Frett. The request for the arrest warrant was based upon the affidavit of Kenneth Schulterbrandt, Jr., Special Agent with the V. I. Department of Justice, Special Investigations Division, which detailed the factual basis for charging Defendant with violations of V. I. CODE ANN. tit, 14 § 835(a)(1) (Drawing and Delivering Worthless Checks), 14 V.I.C. § 834(2) (Obtaining Money by False Pretense), 14 V.I.C. § 1091 (Embezzlement by Fiduciaries) and 14 V.I.C. § 605(a) (Operating a Criminal Enterprise). On the basis of the affidavit, which also alleged that Frett misappropriated, embezzled or obtained by false pretense the sum of $122,900.00, a warrant was issued on February 4, 2010.

¶3     After he received the February 4, 2010 arrest warrant, Schulterbrandt learned that Frett had left the island a day or so before. Schulterbrandt continued his investigation which included

tracking down various leads and contacting the Federal Bureau of Investigation ("FBI") to assist in locating the Defendant.

¶4     On September 14, 2010, the Government of the Virgin Islands petitioned for the issuance of a second warrant for the arrest of Frett. The request for the second arrest warrant was based upon another affidavit of Schulterbrandt which detailed the factual basis for charging Frett with violations of 14 V.I.C. § 834(2) (Obtaining Money by False Pretense), 14 V.I.C. § 1091 (Embezzlement by Fiduciaries) and 14 V.I.C. § 605(a) (Operating a Criminal Enterprise). On the basis of Schulterbrandt's second affidavit, which alleged that Frett misappropriated, obtained by false pretense, and embezzled the sum of $886,625.00, a warrant for her arrest was issued on September 29, 2010.

¶5     In both instances, the petitions for the warrants were filed under seal on the grounds that the matter was of a sensitive nature and pre-execution disclosure would likely compromise the investigation and apprehension of the suspect.[1]

¶6     In late January 2014, Frett was arrested by the FBI in San Diego County, California. After initially resisting extradition, the Defendant executed a Waiver of Extradition on March 21, 2014, and was extradited to the U. S. Virgin Islands where the two arrest warrants were served. Defendant was advised of her rights on April 4, 2014 and her bail set at $1,250,000.00, with no ten percent provision.

¶7     In an Information filed February 26, 2014, Frett was charged with one (1) count of violating 14 V.I.C. § 605(a) and 604(e)(19) (Criminally Influenced and Corrupt Organizations Act and Embezzlement of Fiduciaries), thirteen (13) counts of violating 14 V.I.C. § 1091 (Embezzlement by Fiduciaries), one (1) count of violating 14 V.I.C. § 835(a)(1), and two (2) counts of 14 V.I.C. § 834(2) (Obtaining Money by False Pretense).

¶8     On February 24, 2021, the Defendant filed Motion for a Bill of Particulars requesting that this Court order the People of the Virgin Islands to amend the Information.

## I.     APPLICABLE LEGAL STANDARD.

### a.  The Information

¶9     Pursuant to the Revised Organic Act of 1954, offenses against the laws of the Virgin Islands are prosecuted in the Superior Court by Information.[2] The "information is a written statement of the essential facts constituting a charged felony offense and is signed by the Attorney General or an authorized representative of that office."[3] Virgin Islands Rules of Criminal Procedure, Rule 3 governs the Information. Specifically, Rule 3(b) sets forth content requirements:

---

[1] The arrest warrants and affidavits were unsealed upon motion by the People after the Defendant was apprehended on a fugitive warrant.

[2] *People of the V.I. v. Whyte*, 62 V.I. 95, 100-01 (Super. Ct. 2015).

[3] V.I. R. CRIM. PRO. R. 3(a).

The information must be a plain, concise, and definite written statement of the essential facts constituting the offense. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the information or to reverse a conviction.[4]

¶10     Consistent with the requirements set forth in rule 3(b), "the Third Circuit Court of Appeals stated that to sufficiently allege an offense, a charging document must: (1) contain the elements of the offense intended to be charged; (2) sufficiently apprise the defendant of what she must be prepared to meet; and (3) allow the defendant to show with accuracy to what extent she may plead a former acquittal in the event of a subsequent prosecution."[5] "To determine whether an [information] 'contains the elements of the offense intended to be charged,' [the Court] may look for more than a mere 'recitation in general terms of the essential elements of the offense.'" [6] An Information must allege more than just the essential elements of the offense, but "so long as there is sufficient factual orientation to permit a  defendant to prepare his defense and invoke double jeopardy,"[7] "no greater specificity than the statutory language is required."[8]

¶11     "A criminal information should be construed as a whole using common sense to interpret the information to include facts that are logically and rationally implied."[9] "While each charge must be established by legal proof, the sufficiency of the charging document in substance and form is a matter of law, upon which, if drawn in question, it is the duty of the court to give an opinion."[10] "A charge in an information generally provides sufficient notice to a defendant if the offense is alleged in the very terms of the statute."[11] "The Court must find that the 'charging document fails to state an offense as a matter of statutory interpretation."[12] "However, 'detailed allegations are unnecessary.'"[13]

---

[4] V.I. R. CRIM. PRO. R. 3(b).

[5] *Whyte*, 62 V.I. at 95, 100-01 (citing *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007); *see also Gov't of the Virgin Islands v. Moolenaar*, 133 F.3d 246, 248, 39 V.I. 457 (3d Cir. 1998) (applying the above test to charging documents alleging offenses against the Virgin Islands).

[6] Whyte, 62 V.I. at 95, 100-01 (quoting *United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2002)).

[7] *Id.* (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012))(*citations omitted*).

[8] *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007).

[9] *Gonsalves v. People of the V.I.*, 70 V.I. 812, 844 (2019).

[10] *Id.*

[11] *United States v. Gooding*, 25 U.S. 460, 474, 6 L. Ed. 693 (1827).

[12] *United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2002)

[13] Whyte, 62 V.I. at 95, 100-01 (quoting *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

## b. Bill of Particulars

**¶12** The principle purpose of a bill of particulars is to "inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."[14] The use of a bill of particulars is only necessary when the charging document is too vague and indefinite to accomplish these aims.[15] The decision of whether to issue a bill of particulars is within the discretion of the court.[16] In determining whether to grant the bill of particulars, the degree of discovery available to the defendant is important.[17] Virgin Islands Rules of Criminal Procedure Rule 3(e) governs a Bill of Particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to conditions as justice requires.[18]

**¶13** "The burden is on the defendant to prove he is entitled to a bill of particulars because there will be a surprise trial that is so substantial it 'will prejudice his substantial rights.'"[19] Further, "[b]ills of particulars may not be used merely as a discovery device, but are designed to protect the accused from double jeopardy, to enable adequate preparation of a defense, and to avoid surprise at trial."[20]

**¶14** "A motion seeking a bill of particulars should be granted only when the lack of information 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'"[21] However, a motion seeking a bill of particulars " is properly denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense."[22] The Court may consider any discovery provided to the defendant in determining whether a bill of particulars is warranted.[23] However, a "defendant is not entitled to a list of

---

[14] *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting *United States v. Tucker*, 262 F.Supp. 305, 308 (S.D.N.Y. 1966).

[15] *Id.*, 451 F.2d at 64; *See also United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir. 1973) (bill of particulars is ordered in situations where charging document is cast in general terms).

[16] *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

[17] *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (open file form of discovery obviated need for bill of particulars).

[18] V.I. R. CRIM. PRO. R. 3(e).

[19] *People of the V.I. v. James*, No. ST-09-CR-624, 2010 V.I. LEXIS 16, at *4-5 (Super. Ct. Mar. 11, 2010) (quoting *United States v. Plaskett, et al*, 50 V.I. 548, 561 (D.V.I. 2008).

[20] *People of the V.I. v. Saldana*, No. ST-14-CR-187, 2017 V.I. LEXIS 29, at *3 (Super. Ct. Feb. 10, 2017) See, e.g., *Rodella v. United States*, 286 F.2d 306 (9th Cir. 1960), *cert. den.*, 365 U.S. 889 (1961).

[21] *United States v. Sanders,* No. 19-354, 2020 U.S. Dist. LEXIS 160110, at *3-6 (W.D. Pa. Sep. 2, 2020) (quoting *Rosa,* 891 F.2d at 1066).

[22] *Id.* (quoting *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972)).

[23] *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005); See e.g., *Kenny*, 462 F.2d at 1212 (court affirmed denial of bill of particulars where trial court afforded defendant liberal discovery).

uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses." [24]

## II.    ANALYSIS

¶15    Frett's Motion for a Bill of Particulars requests numerous items "of what the government intends to prove" and argues that "without answers to requests for the specifics in this case it is impossible to determine whether any defenses are available."[25] Her Motion further contends that "[t]he particulars requested are also necessary because the allegations set forth in the Information are wholly conclusory, vague, overbroad and further, failed to set forth with specificity the time, place, and manner it is alleged that the defendant engaged in criminal activity."[26] Frett makes these claims pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and Due Process Clause of the Fifth Amendment of the United States Constitution.

¶16    Frett's Motion erroneously cites to Rule 7(f) of the Federal Rules of Criminal Procedure which has not applied to proceedings in the Superior Court since December 1, 2017 when the Virgin Islands Rules of Criminal Procedure were adopted. Therefore, the applicable rule governing the sufficiency of the Information in this matter is V.I. R. Crim. P. 3. Specifically, subsection (e) governs Bill of Particulars.

### A.    Count One of the Information satisfies Virgin Islands Rules of Criminal Procedure, Rule 3(b).

¶17    Count One charges Embezzlement by Fiduciaries pursuant to 14 V.I.C. § 605(a), which sets forth that "[i]t is unlawful for any person employed by, or associated with, any enterprise, as that term is defined herein, to conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of criminal activity."[27] Section 605(a) prohibits a "pattern of criminal activity," which is defined as "two or more occasions of conduct…that…constitute criminal activity[,] are related to the affairs of the enterprise[, and] are not isolated."[28] In *People v. Adams*, the Court held that "the People must allege that [the Defendant] played some part in the 'operation or management of [an] enterprise' in order to satisfy the element of conducting or participating in the affairs of an enterprise."[29] The Court stated that "the People must also allege that [the Defendant] participated in a pattern of racketeering activity."[30] Moreover, in *Adams*, the Court explained that the People had to show that the racketeering acts were related and "amount[ed] to or pose[d] a threat of continued criminal activity."[31]

---

[24] *James*, No. ST-09-CR-624, 2010 V.I. LEXIS 16, at *4-5 (*referencing United States v. Cardillo*, No. CRIM.A. 13-121-2 JBS, 2015 U.S. Dist. LEXIS 68024, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (*citations omitted*).
[25] Mot. for a Bill of Particulars at 1.
[26] *Id.*
[27] 14 V.I.C. § 605(a).
[28] *People v. Adams*, No. ST-08-CR-424, 2010 V.I. LEXIS 192, at *7 (Super. Ct. Nov. 12, 2010) ("By the use of the word "pattern," the statute clearly prohibits a course of conduct.").
[29] *Adams*, at *7 (referencing *Reyes v. Ernst & Young*, 507 U.S. 170, 185 (1993)).
[30] *Id.*
[31] *Id.*

¶18    In the instant matter, the Information alleges that on or between January 1, 2008 to February 4, 2010, while working as a real estate broker, "owner and operator of REMAX Dream Properties, and the sole signatory on the REMAX Dream Properties Escrow Account," on several occasions "took funds from the escrow account…and fraudulently appropriated said funds totally valued in excess of 1.1 million dollars, to her own use or the use of others."[32]

¶19    Frett's Motion requests that the Information include the "exact manner in which it is alleged that the defendant 'took' funds from the escrow account," "whether the Defendant acted as a principal or an accomplice," " the location of the depository account," "the dates that the defendant 'took' funds," the exact dates, times, and amount taken for such violations, "names and addresses to witnesses," "all withdrawal slips, cancelled checks or other indica of Defendant removing or taking funds," and requests that the Information "set forth each and every manner it is alleged that the defendant fraudulently appropriated funds."[33]

¶20    The Court finds that Count One of the Information sufficiently alleges facts that go to the essential elements necessary to charge Frett with a violation of 14 V.I.C. § 605(a). The Information includes a date range, alleges a pattern of criminal activity, and identifies Frett's position in relation to the affairs of the criminal charge. As set forth in *People of the V.I. v. Saldana*, "[t]he People are not required to describe in detail the [sic] every 'exact act …alleged to constitute the charged crime[s].' Nor are the People required to disclose the exact place/location … [where] any acts were allegedly committed in furtherance of the charged crime."[34] A "bill of particulars is not a discovery vehicle through which Defendant can require the People to provide him with a detailed roadmap to its case nor details concerning the prosecution's witnesses."[35] Under the circumstances here, the Court finds that Count One of the Information satisfies Virgin Islands Rules of Criminal Procedure, Rule 3 (b). A "bill of particulars is not a method for delving into the People's trial strategy"[36] and the Court will not order an amendment of Count One.

    a. **Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen of the Information satisfy Virgin Islands Rules of Criminal Procedure, Rule 3(b) and sufficiently charge Defendant with violating 14 V.I.C. §1091.**

¶21    Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen charge Embezzlement by Fiduciaries pursuant to 14 V.I.C. §1091; which states:

> Whoever, being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator, or collector, or person otherwise intrusted with or having in his control property for the use of any other person, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust,

---

[32] Information at 1.
[33] Mot. for Bill of Particulars at 2.
[34] *Saldana*, at *10 (Super. Ct. Feb. 10, 2017).
[35] *Id.* (quoting *United States v. Lipari*, 1987 U.S. Dist. LEXIS 7720, 1992 WL 165799, at 15 (S.D.N.J. 1987).
[36] *Id.* (quoting *United States v. Castillo-Rodriguez*,1999 WL 528565, at *7 (N.D.N.Y. 1999).

or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement.[37]

¶22    Counts Two through Fourteen of the Information allege that on or about January 1, 2008 through February 4, 2010, Frett, as an owner and operator of REMAX Dream Properties and in sole control and signatory of the Escrow account, "fraudulently appropriated to her own use, funds in the account representing an earnest money deposit valued over $100.00" from multiple named individuals, to be held in trust or escrow on their behalf, in violation of § 1091.

¶23    Frett's Motion requests numerous items for each of the thirteen charges under § 1091. Collectively, she is requesting for the following:

1.    The Information should "set forth in precise manner it is alleged that the Defendant was a trustee, banker attorney agent, assignee in trust, executor administrator, collector or person otherwise entrusted with the property for the use of another person to wit"

2.    Information as to whether the Defendant acted as a principal or accomplice in the crime charged

3.    The "exact conduct of the Defendant that is encompassed" in each applicable count

4.    The full name and addresses of the alleged victims or witnesses

5.    The identity of "any documents establishing a trustee, banker, attorney agent, assignee in trust, executor, administrator, collector or person otherwise entrusted with the property for the use of another person" between the alleged victims and the Defendant

6.    The particularity in which the Defendant fraudulently appropriated property of each named victim or witness

7.    The exact date, manner, and exact amount of property "in which the Defendant fraudulently appropriated"

8.    "Set forth with specificity how the Defendant used said funds for her own use"

9.    The "exact location and identity of any documents, records, statements or notes demonstrating that the Defendant fraudulently appropriated the property" of another

10.    The exact date, time, place, and manner that the Defendant violated § 1091

¶24    Here, the Court finds Counts Two through Fourteen of the Information sufficiently allege facts that go to the essential elements necessary to charge Frett with Embezzlement by Fiduciaries

---

[37] 14 V.I.C. § 1091

pursuant to 14 V.I.C. §1091. The Supreme Court of the Virgin Islands has identified two constitutional requirements when assessing the sufficiency of an information:[38]

> First, an information must contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend. Second, an information must enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense.[39]

¶25    The crime of embezzlement, "requires (1) proof of a fraudulent taking of property by one (2) to whom it was entrusted by virtue of a position of trust."[40] The Information may not merely "regurgitate the words of the statute and omits the facts and essential elements necessary to apprise Defendant of the crime he is being charged with."[41] Further, the defendant in *People of the V.I. v. Hatchett*, was charged with aiding and abetting to commit the crime of Embezzlement by Fiduciaries in violation of 14 V.I.C. § 1091.[42] The defendant in that case "argues that the information does not set out the elements or facts indicating fraud or entrustment[;] and contends that the information is defective because "it does not sufficiently put the Defendant on notice of the charge against him so that he may prepare a proper defense"[43] The court found the information defective because although it "reiterates the statute[, it] fails to allege facts that go to the essential elements necessary to charge embezzlement."[44]

¶26    Information in this case sets forth the prescribed date and location, facts alleging that the Defendant "fraudulently appropriated [the funds in question] to her own use," and identifies to whom the amount in question was entrusted by virtue of a possession of an escrow account. As stated above, "bill of particulars is not a method for delving into the People's trial strategy"[45] and the People are not required to disclose the "exact place/location … [where] any acts were allegedly committed in furtherance of the charged crime."[46] Accordingly, this Court finds that Frett "has sufficient notice to guard against future prosecution against double jeopardy"[47] and is not prejudiced by the current Information.

   **b.  Count Fifteen of the Information satisfies Virgin Islands Rules of Criminal Procedure, Rule 3(b) and sufficiently charge Defendant with violating 14 V.I.C. § 835(a)(1).**

¶27    Count Fifteen charges Drawing and Delivering Worthless Checks in violation of 14 V.I.C. § 835(a)(1); which states:

---

[38] *Charles v. People*, 60 V.I. 823, 837 (V.I. 2014).
[39] *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974))(*citations omitted*).
[40] *Carmichael v. Gov't of the Virgin Islands*, 46 V.I. 391, 2004 WL 3222756, at *3 (D.V.I. 2004).
[41] *People of the V.I. v. Hatchett*, Nos. SX-14-CR-88, 2015 V.I. LEXIS 181, at *8-9 (Super. Ct. Feb. 9, 2015)
[42] *Id.* at *2.
[43] *Id.* (*quoting* Amend. Mot. to Dismiss 2-5).
[44] *Id.* at *8-9.
[45] *Saldana*, at *10 (*quoting United States v. Castillo-Rodriguez*, 1999 U.S. Dist. LEXIS 11232, 1999 WL 528565, at *7 (N.D.N.Y. 1999)).
[46] *Id.*
[47] *Whyte*, at *4-5.

(a) Whoever makes, draws, utters, or delivers any check, draft or order for the payment of money—

(1) to the value of $100 or more upon any bank or other depository knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in, or credit with, such bank or other depositary for the payment of such check, draft or order, in full, upon its presentation, shall be fined not more than $1,000 or imprisoned not more than 5 years, or both[48]

¶28     Violations of 14 V.I.C. § 835 (a)(1) are "limited to checks, drafts or order for the payment of money" and "is euphemistically called 'bouncing a check.'"[49] "[T]he cornerstone of section 835(a)(1) violation is the absence of sufficient funds in the account upon which the check is drawn at the time the check is presented for payment."[50]

¶29     Count Fifteen of the Information, charging a violation of 14 V.I.C. § 835(a)(1), alleges that Frett "did make, draw, utter, or deliver" a check in the amount of $65,000.00 to D. Williams while knowing that there were insufficient funds for the payment of such check.

¶30     Frett's Motion requests that the Information should provide "the exact manner that the Defendant allegedly made, drew, utter or delivered a check draft or order of the payment of money of value[;]" "the name of the financial institution and bank account number upon which any check or money order was drawn[;]" and the "exact manner" that the Defendant violated § 835(a)(1).[51]

¶31     The court in *United States v. Plaskett* held that "an indictment containing the 'approximate location, month, and year of the conduct at the heart of each count' provides enough information for the defendant to understand the offense he is required to defend."[52] Furthermore, "a motion seeking the when, where, and how of overt acts is tantamount to a request for wholesale discovery of the government's evidence and properly denied."[53] Accordingly, the Court will deny Defendant's request for amending Count Fifteen of the Information. The Court finds that Count Fifteen provides enough information necessary for the Defendant to prepare a defense and therefore the Court will not order the People to amend the Information.

### c.   Counts Sixteen and Seventeen of the Information satisfies Virgin Islands Rules of Criminal Procedure, Rule 3(b) and sufficiently charge Defendant with violating 14 V.I.C. § 834 (2).

¶32     Counts Sixteen and Seventeen of the Information charge the defendant with obtaining money by false pretense, pursuant to 14 V.I.C. § 834(2), which states:

---

[48] 14 V.I.C. § 835 (a)(1)
[49] *DeGroot v. People of the V.I.*, No. 2008-0107, 2013 V.I. Supreme LEXIS 16, at *40-41 (Apr. 29, 2013)
[50] *Id.*
[51] Mot. for a Bill of Particulars at 12.
[52] *People of the V.I. v. James*, No. ST-09-CR-624, 2010 V.I. LEXIS 16, at *7-8 (Super. Ct. Mar. 11, 2010) (*quoting Plaskett*, at 562 (D.V.I. Aug. 13, 2008)).
[53] *Id.* (*citing Hawkins*, at *2 (*citations omitted*).

> Whoever knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, shall—
>
> …
>
> (2) if such property or money was $100 or more in value, be imprisoned not more than 10 years.[54]

¶33     Violations of 14 V.I.C. § 834 (2) require "that another conferred a benefit or turned over something of value to the actor in reliance on the misrepresentation; mere utterance of a false statement is insufficient."[55] "A person 'defrauds' another if he makes a misrepresentation of an existing material fact, knowing it to be false, intending one to rely and under circumstances in which such person does rely to his damage."[56] "Pursuant to 14 V.I.C. § 834, the People must show Defendants 'knowingly or designedly, by false or fraudulent representation or pretenses, defraud[ed] another person of money or property.'"[57]

¶34     With regards to the Information, "[t]o hold that an accused should be charged under a statute where none or only part of the evidence confirms the elements of the offense would generate an absurd result and constitute an injustice to the accused."[58] *Virgin Islands v. Adams-Tutein* explains the following:

> There is no bright-line rule requiring, in all cases, direct documentary evidence that the defendant received payment or evidence corroborating trial testimony to satisfy the proof required for a charge under 14 V.I.C. § 834(2); the evidence in each case, including circumstantial evidence, must be individually assessed to determine whether the government met its burden to prove the essential elements of the crime beyond a reasonable doubt.[59]

¶35     Frett requests that Count Sixteen and Seventeen of the Information "[1]set forth the exact manner that the Defendant allegedly made, drew, utter or delivered a check draft or order of the payment of money of value[; 2]set forth the name of the financial institution and bank account number for the account upon which any check draft or money order was drawn[; and 3] set forth the exact manner it is alleged" that the Defendant knew "that insufficient funds or credit with the bank or depository existed."[60]

¶36     Count Sixteen of the Information alleges the following:

> On or about January 1, 2008 through February 4, 2010, Frett knowingly and designedly by false or fraudulent representation or pretenses, defrauded another

---

[54] 14 V.I.C. § 834 (2)

[55] *Virgin Islands v. Adams-Tutein*, 47 V.I. 514 (D.V.I. 2005).

[56] *Id.*

[57] *Adams*, at *11-12 (Super. Ct. Nov. 12, 2010).

[58] *DeGroot v. People of the V.I.*, No. 2008-0107, 2013 V.I. Supreme LEXIS 16, at *44 (Apr. 29, 2013)

[59] *Adams-Tutein*, at 514 (D.V.I. 2005).

[60] Mot. for Bill of Particulars at 12-13.

person or money or property valued at over one hundred dollars, by fraudulently inducing G. and M. Moe to transfer $99,000.00 dollars to REMAX Dream Properties Escrow Account as an earnest deposit on the purchase of real estate, on the false pretense that a seller of real estate had accepted their offer to purchase and by showing them a false and forged contract of sale from the purported sellers.

¶37    Count Seventeen of the Information charging Frett with a violation of 14 V.I.C. § 834(2) alleges that Frett "fraudulently induced J. and B. Beal to deposit $700,000.00 dollars to REMAX Dream Properties Escrow Account on the false pretense of earning 20% interest on the funds held in the account, which in actuality was not an interest bearing account."[61]

¶38    Here, the Court finds Counts Sixteen and Seventeen of the Information satisfy Virgin Islands Rules of Criminal Procedure, Rule 3(b) and sufficiently charge Frett with violating 14 V.I.C. § 834 (2). The Information includes a plain, concise, and definite written statement of the essential facts constituting the offense.  Additionally, Counts Sixteen and Seventeen of the Information sufficiently apprise the Defendant of what she is being charged with in order to adequately prepare her defense. The Court will not order the People to amend these counts of the Information.

## III.    CONCLUSION

¶39    In conclusion, the Court finds the Information in this case is a "plain, concise, and definite written statement of the essential facts constituting" each charge of the offense.[62] Although the Information does not contain a formal introduction or conclusion, it sufficiently alleges "the means by which the defendant committed the offense"[63] and apprises "the defendant of what she must be prepared to meet."[64] The Court finds that the Information provides enough elements for the Defendant to prepare her defense. The burden of proof for a bill of particulars is on Frett. Under these circumstances, the Court finds that she has not met her burden. Frett has failed to show the Court that any purported lack of information 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'"[65] The Information, the Affidavits in support of the warrants for the arrest of Frett, the discovery produced in this matter render a bill of particulars of the Information unnecessary. The record as a whole "demonstrates that ample opportunity exists for adequate preparation of the defense."[66] Accordingly, it is hereby

**ORDERED** that Defendant's Motion for a Bill of Particulars, filed on February 24, 2021, is **DENIED**; and it is further

---

[61] Information at 9-10.

[62] V.I. R. CRIM. PRO. R. 3(b).

[63] *Id.*

[64] *Whyte,* at 95.

[65] *United States v. Sanders,* No. 19-354, 2020 U.S. Dist. LEXIS 160110, at *3-6 (W.D. Pa. Sep. 2, 2020) (*quoting Rosa,* 891 F.2d at 1066).

[66] *Id.* (quoting *United States v. Kenny,* 462 F.2d 1205, 1212 (3d Cir. 1972)).

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 12/20/21

_____
**DENISE M. FRANÇOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor ____/____/____