

**FILED**
April 26, 2022 10:51 AM
ST-2021-CR-00124
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | CASE NO. ST-2021-CR-00124 |
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) |  |
|  | ) |  |
| ADALA AKIM DONASTORG, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Cite as 2022 VI Super 47U

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Defendant Adala Akim Donastorg's ("Donastorg" or "Defendant") Motion to Consolidate or Dismiss Multiplicitous Counts, filed October 15, 2021. The People of the Virgin Islands (the "People") oppose this motion and Donastorg has replied.[1]

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶2 On the morning of April 26, 2021, when Donastorg was renting a room from Jose Petersen's ("Petersen") mother, Petersen alleges he got into a verbal clash with Donastorg which escalated into a physical altercation. Ultimately, the People allege Donastorg obtained a meat cleaver with which he struck Petersen in the head and cut a piece from Petersen's head.

¶3 Donastorg was arrested on April 30, 2021 and is charged with eight (8) criminal counts: (1) First Degree Assault – Murder – Domestic Violence, in violation of V.I. CODE ANN. tit. 14 § 295(1) and 16 V.I.C. § 91(b)(2); (2) Using a Dangerous Weapon During the Commission of a First

---

[1] This matter is fully briefed. The People filed their opposition on December 22, 2021. Donastorg filed his reply on December 29, 2021.

Degree Assault, in violation of 14 V.I.C. § 2251(a)(2)(B); (3) First Degree Assault – Mayhem – Domestic Violence, in violation of 14 V.I.C. 295(3) and 16 V.I.C. 91(b)(2); (4) Using a Dangerous Weapon During the Commission of a First Degree Assault, in violation of 14 V.I.C. 2251(a)(2)(B); (5) Third Degree Assault – Domestic Violence, in violation of 14 V.I.C. 297(a)(2) and 16 V.I.C. 91(b)(2); (6) Using a Dangerous Weapon During the Commission of a Third Degree Assault, in violation of 14 V.I.C. 2251(a)(2)(B); (7) Mayhem, in violation of 14 V.I.C 1341(a)(1) and 16 V.I.C. 91(b)(2)[2]; and (8) Using a Dangerous Weapon During the Commission of Mayhem, in violation of 14 V.I.C. 2251(a)(2)(B) and 16 V.I.C. 91(b)(2).

¶4     Defendant's motion is filed pursuant to Virgin Islands Rule of Criminal Procedure 12(b)(3)(B)(ii), requesting this Court order Counts Two, Four, Six, and Eight be either consolidated into a single charge or dismissed for being multiplicitous. The People oppose Donastorg's motion, arguing that the disputed counts should remain as charged, and noting that the Court may address any potentially multiplicitous charges at the sentencing stage of the proceedings. Defendant replied, claiming that the People's argument that multiplicity can be resolved at sentencing is expressly belied by the Virgin Islands Rules of Criminal Procedure, and reiterating his previous argument pursuant to the rule of lenity.

For the reasons set forth herein, the Court will grant Defendant's motion.

## LEGAL STANDARD

¶5     Rule 12(b)(3)(B)(ii) of Virgin Islands Rules of Criminal Procedure allows a party, before trial, to challenge a defect in the charging information, such as "charging the same offense in more

---

[2] Donastorg argues that count seven, mayhem, is inappropriately classified as a domestic violence charge and therefore must be amended.

than one count (multiplicity)." Separately, section 104 of title 14 of the Virgin Islands Code also prohibits repeat punishments for a single act or omission that could be charged under several differing counts.[3]

¶6    Multiplicity occurs when an information charges a single crime in several different counts. *People v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014) (citing *United States v. Kennedy*, 682 F.3d 244, 254-55 (3d Cir. 2012); *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008)). The Superior Court of the Virgin Islands has stated that when determining if an information includes multiplicitous charges, the court should consider whether "separate and distinct prohibited acts" have been committed. *Id.* (citing *United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007)). The test to "determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

¶7    Section 2251(a)(2)(B) of title 14 of the V.I. Code states:

> "Whoever, (2) <u>with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon</u> shall (B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1)[4] hereof) shall be fined $10,000 and imprisoned not more than fifteen (15) years, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence." (emphasis added).

---

[3] 14 V.I.C. § 104 states that "[a]n act or omission is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

[4] Section 2253(d)(1) reads "'Crime of violence' shall have the same definition as that contained in Title 23, section 451(g) of this Code." Title 23, section 451(g) reads "'Crime of violence' means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny."

The Supreme Court of the Virgin Islands has found the elements required to sustain a conviction under § 2251(a)(2)(B) are: (1) that the defendant possess a dangerous weapon (2) with the intent to unlawfully use the weapon against another person. *Nanton v. People*, 52 V.I. 466, 480 (V.I. 2009). The Superior Court of the Virgin Islands has also assessed the statutory makeup of § 2251 when determining potential multiplicity. In *People v. Colon*, the court determined that multiple counts charged pursuant to § 2251(a)(2)(B) required proof of the same two elements, independent of which crime of violence was alleged. *People v. Colon*, 60 V.I. 149, 161 (V.I. Super. Ct. 2014). The *Colon* court considered whether a specific "crime of violence" could also be an element of the crime charged under § 2251(a)(2)(B), finding "the multiple counts asserted . . . are not at all dependent upon which crime of violence is asserted." *Id.* In *People v. Pringle* (where Pringle was charged with eleven (11) criminal counts[5]), the Superior Court utilized this interpretation, though performing its analysis on the nearly identical 14 V.I.C. § 2253(a),[6] to find that "the People could prove § 2253 was violated by either showing that there was gun and a third degree assault or that there was a gun and a kidnapping". *People v. Pringle*, 2021 VI Super 94U, ¶ 24. More recently, in *People of the Virgin Islands v. Dolphin*, the Superior Court held that four counts charged under § 2253(a) were multiplicitous under the *Pringle* reasoning, because only a single firearm was involved in the alleged incident and charging the defendant four times for the use of a single gun

---

[5] The eleven (11) criminal charges against Pringle in the original charging Information were as follows: (1) Kidnapping To Exact Money, (2) Unlawful Possession of a Firearm During the Commission of a Kidnapping to Exact Money, in violation of 14 V.I.C. § 2253(a), (3) three (3) counts of Third Degree Assault, (4) Unauthorized Possession of a Firearm During the Commission of a Third Degree Assault, in violation of 14 V.I.C. § 2253(a), (5) Two (2) counts of Possession of a Dangerous Weapon During a Third Degree Assault, (6) First Degree Assault, (7) Possession of a Dangerous Weapon During a First Degree Assault, and (8) Conspiracy.

[6] 14 V.I.C. § 2253 differs from § 2251 in that it addresses unauthorized possession of a firearm during the commission of a violent crime, rather than the unauthorized use of a weapon during the commission of a violent crime.

would be multiplicitous. *People of the Virgin Islands v. Dolphin*, ST-2020-CR-00046, 2022 WL 859929, at \*4 (V.I. Super. Ct. Mar. 22, 2022).[7]

¶8    To aid in the determination of whether to address potential multiplicitous charges before trial or at the sentencing stage, the *Pringle* court stated such determination should be decided on a "case-by-case basis," considering factors such as "judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges." *Pringle*, 2021 VI Super 94U, at ¶ 25.

## ANALYSIS

### A. Counts Two, Four, Six, and Eight are multiplicitous.

¶9    Donastorg argues that Counts Two, Four, Six, and Eight are multiplicitous charges because each count charges him with violating 14 V.I.C. § 2251(a)(2)(B), i.e., using a dangerous weapon during the commission of a crime of violence. He argues the People improperly charged him because the four disputed counts under § 2251(a)(2)(B) each have identical statutory elements requiring proof of the same facts: (1) a defendant possesses a dangerous weapon and (2) with the intent to unlawfully use said weapon against another person. He claims that even though multiple different crimes of violence may have occurred, the legal elements required to prove Counts Two, Four, Six, and Eight remain identical. The People do not directly address this portion of the

---

[7] The Court will track the *Colon, Pringle,* and *Dolphin* decisions with regard to the elements included in a § 2251 charge, such that it will not consider which particular "crime of violence" is associated with the weapon charge. However, the Court acknowledges that another recent Superior Court decision found that the charge for possession of a firearm under § 2253(a) during commission of different "crimes of violence" inherently include different legal elements, according to which "crime of violence" the weapon charge is associated with. *See People of the Virgin Islands v. Hazel*, ST-2020-CR-00273, Order dated Aug. 18, 2021, at ¶¶ 8-12. In that case, the court stated that a charge for possession of a firearm during a first degree assault includes a different factual basis than a charge for possession of a firearm under during commission of a third degree assault. *Id.* at ¶ 10-12. The court, therefore, reserved decision on the multiplicity motion until the sentencing stage of the proceedings and did not consolidate or dismiss any of the allegedly multiplicitous counts. *Id.* at ¶ 13.

argument, they merely highlight the differences in the language used among Counts Two, Four, Six, and Eight, in footnotes three through six of their opposition, claiming that different "factual" requirements are inherent in each.[8]

¶10 The Court agrees that if Donastorg were convicted of the four counts charging him with possession of a deadly weapon during four different crimes of violence, he could only be sentenced on one such charge, pursuant to 14 V.I.C. § 104. The People allege Donastorg utilized a single weapon, i.e., a meat cleaver, during a single incident involving a single victim. The People charge Donastorg with using this single weapon during several distinct crimes of violence, but the Court finds that the specific crime of violence charged has no bearing upon the elements which must be proven under § 2251(a)(2)(B)—(1) possession of a dangerous weapon (2) with intent to unlawfully use the weapon against another—as found in the foregoing cases from the Superior Court. Therefore, the Court finds that the People charged Donastorg with multiplicitous charges, because there are four counts charged under § 2251(a)(2)(B) for the use of a single weapon, during a single incident.

---

[8] In his reply, Donastorg states the People have waived any argument regarding this construction and interpretation of the elements of § 2251(a)(2)(B), citing *Melendez v. People*, 56 V.I. 244, 252-53 (V.I. 2012) (which held the government waived the issue of standing to challenge a warrant when it failed to address the issue in the trial court). However, the Court does not find *Melendez v. People* establishes the precedent for waiver that Donastorg argues. Although *Melendez* does hold that a legal issue (in that case, the issue of standing) cannot be addressed for the first time on appeal, the Court notes that this matter has not gone to trial yet, and thus there remains significant opportunity for issues to be raised at or prior to trial. *Melendez*, 56 V.I. at 252-53.

**B. Consolidating Counts Two, Four, Six, and Eight is appropriate at the pretrial stage.**

¶11    Because the Court identifies multiplicitous charges, the question now becomes whether it must consolidate the four multiplicitous charges at this stage of the proceedings prior to trial, or if the potential multiplicity is better addressed at the sentencing stage.

¶12    Assessing the instant matter under the factors articulated in the *Pringle* case, the People argue that because the Information is only comprised of eight (8) counts, there is little risk of prejudice to the defendant, comparing it to the *Colon* case in which there were twenty-five (25) counts pursuant to § 2251(a)(2)(B) alone. *Colon*, 60 V.I. at 166. Accordingly, the People argue that because there are relatively fewer counts, dismissal or consolidation would not sufficiently affect judicial economy or prevent prejudice. Ultimately, the People argue the best course of action is to leave the charges as they are and address any multiplicity at the sentencing stage. In his reply, Donastorg leans on the rationale from the *Pringle* case, specifically highlighting that consolidation at the pretrial stage "mitigates the risk of jury prejudice and effectively conserves judicial resources by streamlining the issues that will be presented at trial and sentencing, while accurately reflecting the grave nature of the alleged crimes . . . and the jury need not be confused by repetitive jury instructions" *Pringle*, 2021 VI Super 94U at ¶ 26.

¶13    Though the People correctly note that the *Colon* court consolidated twenty-five (25) charges pursuant to § 2251(a)(2)(B), significantly more than the four charged here, the *Dolphin* court found it appropriate to consolidate four firearm charges under § 2253(a), even though only nine (9) total counts were charged, reasoning that those four charges could prejudice the jury against the defendant. In this matter, the Court agrees with the *Dolphin* court that consolidating

the four disputed charges would indeed reduce potential prejudice from the jury. Consolidation of would save the Court and the parties from addressing, considering, and preparing jury instructions for four identical charges of possession of a dangerous weapon during the commission of a violent crime, which would certainly result in much repetition during the course of a trial. Reducing the total number of charges from eight to five (four charges of crimes of violence and one charge of possession of a dangerous weapon) would significantly reduce the number of charges for the jury to consider and decrease the possibility of prejudice. The Court therefore finds it prudent to consolidate the four disputed charges.[9]

¶14    Even with consolidation, there is no risk that Donastorg would circumvent or otherwise avoid the full complement of charges for his alleged criminal acts. Donastorg is only charged with using a single weapon, the meat cleaver, against a single victim, so removing the repetitive charges of possession of such weapon during various different crimes of violence will not ultimately alter the crimes charged. The four disputed charges do not each include additional wrongdoing by Donastorg, but each merely reference his (1) possession of the meat cleaver and (2) his intent to unlawfully use it against Petersen, thereby satisfying the two elements of § 2251(a)(2)(B), as interpreted by the Supreme Court of the Virgin Islands in *Nanton v. People*. Consolidation will not cause any of the charges to be removed or minimized, it will merely simplify the Information and reduce repetitive charges. Therefore, consolidating the four disputed charges to a single charge will more accurately incapsulate the charges against Donastorg because the People only allege the use of a single weapon against single victim during the alleged incident.

_____

[9] The Court acknowledges that the *Pringle* case also includes "judicial economy" as a factor to consider when deciding whether to consolidate charges before trial or at the sentencing stage. However, this Court finds consolidation to be appropriate without considering the impacts on judicial economy.

¶15    The Court finds that consolidation is appropriate at this stage, prior to trial, because leaving potential resolution for the sentencing stage could prejudice Donastorg in the eyes of the jury, and there is no risk that Donastorg will dodge accountability for the full scope of his alleged wrongdoing. Accordingly, the Court will order the People to amend the Information to consolidate the four (4) disputed charges, each charging Donastorg with violating 14 V.I.C. § 2251(a)(2)(B), into a single count of possession of a deadly weapon during a crime of violence.[10]

## CONCLUSION

¶16    The Court finds that Counts Two, Four, Six, and Eight are multiplicitous and it is judicious fol6r the People to consolidate them into a single charge pursuant to § 2251(a)(2)(B) as doing so will minimize the chance of the jury being confused and reduce repetitive charges in the instructions. Accordingly, the Court will grant the Defendant's motion to consolidate multiplicitous charges and will order the People to amend the Information accordingly.

An order consistent herewith will immediately follow.

DATED:    April 25, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor 04 / 26 / 22

---

[10] The Court notes that Defendant makes a second argument for consolidation or dismissal of the repetitive charges, pursuant to the rule of lenity. Because the Court has found that consolidation is appropriate under alternative legal reasoning, the Court need not address this argument.