IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

October 05, 2022 04:04 PM

ST-2021-CR-00189

**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | **Case No. ST-2021-CR-00189** |
| | ) | |
| Plaintiff, | ) | **CHARGES:** |
| | ) | 14 V.I.C. §§ 922(a)(1), 331(1) |
| vs. | ) | 14 V.I.C. § 295(a)(3) |
| - | ) | Two Counts 14 V.I.C. § 297(a)(3)-(4) |
| | ) | 14 V.I.C. § 2251(a)(2)(B) |
| **RUPERT WALTERS, JR.,** | ) | 14 V.I.C. § 622(1) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Cite as 2022 VI Super 84U

**<u>MEMORANDUM OPINION</u>**

**THIS MATTER** is before the Court on Defendant Rupert Walters Jr.'s ("Walters")

Motion for Consolidation and Dismissal or, in the alternative, Evidentiary Hearing ("Motion"),

filed on April 27, 2022, pursuant to the Federal Rules of Criminal Procedure 12(b)(3)(B)(ii) and

(iii).[1] The People have not filed a response. For the reasons set forth herein, the portion of the

Motion seeking consolidation will be granted and the portion of the motion seeking dismissal will

be denied.

---

[1] The Federal Rules of Criminal Procedure are no longer applicable in the Superior Court as the V.I. Rules of Criminal Procedure went into effect on December 1, 2017. *See* V.I. R. Crim. P. 1(c)(1). The Court will therefore apply the V.I. Rules of Criminal Procedure.

## FACTS

For purposes of this motion, the facts will be drawn from the statements in the People's Information ("Information") and Affidavit in Support of Arrest Warrant ("Affidavit"), filed on July 14, 2022. Walters similarly did the same.[2]

Alex Dorsett ("Dorsett"), a detective with the Criminal Investigations Bureau of the Virgin Islands Police Department ("VIPD"), was assigned to investigate a stabbing that occurred on May 28, 2021, in Cruz Bay, St. John, USVI.

Dorsett interviewed Timothy Scott ("Scott") at the Roy Lester Schneider Hospital Emergency Room, in St. Thomas, USVI, where Scott stated he was assaulted by a black male. Scott detailed that he told his attacker, now identified as Walters, to chill out and to leave another individual alone, which made Walters irate, and Walters came after him. Scott believed that Walters was striking him with a closed fist, though, later realized he was stabbed and bleeding from the neck profusely. Dorsett states that officers observed and photographed Scott's injuries, including two stab wounds on the back of Scott's head and neck. Dorsett states that the stab wound injuries have left Scott partially paralyzed on the left side of his body.

Dorsett reviewed footage of video surveillance from a business in downtown Cruz Bay of the incident. Dorsett states that he and other VIPD officers assigned to St. John observed the video footage, and they recognized the suspect in the video as Walters. Dorsett states the video reflects

---

[2] Defendant's motion states, "[f]or the sole purpose of this Motion [], Walters directs the Court to the alleged facts contained within the Information's accompanying Affidavit", though maintains that "[t]he facts of this matter are in dispute."

the following events occurred sequentially: Scott is seen entering the frame while gesticulating and speaking to someone not in the picture. Scott turns and walks away. Walters subsequently enters the frame walking rapidly towards Scott, who puts his hands up. Walters strikes Scott in the head, then Scott backs away, turns, and runs.

Walters begins to walk away, however, Scott then runs up behind Walters, strikes Walters in the head, and runs off down the street. Walters chases Scott, tackles him to the ground, and stands over him and gets on top of Scott. Then, Walters is observed repeatedly thrusting downward with his hands in a stabbing motion. Walters quickly walks away, and Scott is on the ground struggling when individuals come to assist him.

Walters was, ultimately, charged with the following:

a. Attempted First Degree Murder, pursuant to V.I.C. Ann. tit. 14, §§ 331(1), 921, 922(a)(1) (Count One)

b. Using a Dangerous Weapon During the Commission of an Attempted First Degree Murder, pursuant to V.I.C. Ann. tit. 14, § 2251(a)(2)(B) (Count Two)

c. First Degree Assault – Murder, pursuant to V.I.C. Ann. tit. 14, § 295(1) (Count Three)

d. Using a Dangerous Weapon During the Commission of an Attempted First Degree Assault - Murder, pursuant to V.I.C. Ann. tit. 14, § 2251(a)(2)(B) (Count Four)

e. First Degree Assault - Mayhem, pursuant to V.I.C. Ann. tit. 14, § 295(3) (Count Five)

f. Using a Dangerous Weapon During the Commission of a First Degree Assault – Mayhem, pursuant to V.I.C. Ann. tit. 14, § 2251(a)(2)(B) (Count Six)

g. Third Degree Assault, pursuant to V.I.C. Ann. tit. 14, § 297(a)(3) (Count Seven)

h. Using a Dangerous Weapon During the Commission of a Third Degree Assault, pursuant to V.I.C. Ann. tit. 14, § 2251(a)(2)(B) (Count Eight)

i. Third Degree Assault, pursuant to V.I.C. Ann. tit. 14, § 297(a)(4) (Count Nine)

j. Using a Dangerous Weapon During the Commission of a Third Degree Assault, pursuant to V.I.C. Ann. tit. 14, § 2251(a)(2)(B) (Count Ten)

k. Disturbance of the Peace, pursuant to V.I.C. Ann. tit. 14, § 622(1) (Count Eleven)

## DISCUSSION

### I.  Counts Two, Four, Six, Eight, and Ten are multiplicitous because they require the same elements to be proven, so those counts will be consolidated.

Walters moves this Court to consolidate Counts Two, Four, Six, Eight, and Ten of the Information because they are multiplicitous. The Virgin Islands Rules of Criminal Procedure permits a defendant to challenge "a defect in the information . . . [for] charging the same offense in more than one count (multiplicity)." V.I. R. Crim. P. 12(b)(3)(B)(ii); *People v. Colon*, 60 V.I. 149, 161, 165 (V.I. Super. Ct. 2014) (When multiple counts required proof of the exact same elements, the counts were found to be multiplicitous, rendering the Information defective.).

Under the law of the Virgin Islands, it is a chargeable offense when an individual carries or possesses a dangerous weapon during the attempt or commission of a crime of violence with an intent to use the same unlawfully against another. 14 V.I.C. § 2251(a)(2)(B); *see Colon*, 60 V.I. at 163; *Nanton v. People of the Virgin Islands*, 52 V.I. 466, 480-81 (V.I. 2009). This Court has held

that the statutory language of § 2251(a)(2)(B) is not subject to any specific crime of violence and stands on its own when "a" crime of violence is alleged.[3] *Colon*, 60 V.I. at 163.

In other words, § 2251 is violated per offense and is not attached to specific crimes. *People v. Donastorg*, 2022 VI Super 47U, ¶10; *Colon*, at 163-64 (concluding that a violation of § 2251(a)(2)(B) is separate from the underlying crime(s) of violence associated); *People v. Pringle*, 2021 VI Super 94U, ¶21 (stating that "it is multiplicitous to charge someone for possession of the same weapon multiple times for multiple underlying crimes when the same weapon is used and the crimes are a part of the same ongoing criminal activity."); *but see* Order at ¶¶6-13, *People v. Hazel*, Case no. ST-2020-CR-00273 (V.I. Super. Ct. October 15, 2021) (where the Court considered and linked two § 2253(a) charges to separate crimes of violence and ultimately denied consolidation).

Here, Walters was charged with various crimes of violence (i.e., Counts One, Three, Five, Seven, and Nine), and each of those were supplemented with a charge of Using A Dangerous Weapon (Counts Two, Four, Six, Eight, and Ten).

More importantly, Dorsett's Affidavit does not claim or imply that Walters carried or possessed more than one dangerous weapon during the incident. *See Pringle*, ¶34 (finding that since defendant used only one dangerous weapon, despite committing two crimes of violence, it would have been multiplicitous to charge two § 2251(a)(2)(B) charges). Counts Two, Four, Six, Eight, and Ten all emanate from the use of one dangerous weapon.

---

[3] In particular, the language of the statute states that the offense occurs during "a" crime of violence, referring to those listed in 23 V.I.C. § 451(e), leading this Court to interpret that the crime of violence and a violation of § 2251(a)(2)(B) deserve separate punishments. *Colon*, 60 V.I. at 163.

*People of the Virgin Islands v. Rupert G. Walters, Jr.*
Case No. ST-2021-CR-00189
Memorandum Opinion – Motion for Consolidation                    Cite as 2022 VI Super 84U
Page 6 of 9

Accordingly, the Court finds that Counts Two, Four, Six, Eight, and Ten are multiplicitous, and those Counts must be consolidated into a single count. *Donastorg*, ¶15 (finding that consolidation was appropriate prior to trial because leaving consolidation for the sentencing stage could prejudice defendant).

## II.     Counts One through Six will not be dismissed because they present plain, concise, and definite written statements of the essential facts of the offenses charged.

Walters argues that surveillance footage produced by the People does not accurately show the sequence of events and fails to demonstrate the incident because "most of the alleged acts that form the basis of the charges … occurred outside the video's frame." Thus, Walters argues that the Information is based on speculation. Further, Walters calls into question Scott's statement about what struck him, arguing that initially Scott only stated he was hit with a closed fist and later changed his statement to align with the allegation that he was stabbed. Walters also maintains that the People's Affidavit cannot substantiate the premeditation and malice aforethought elements of Count One, and that Counts Two through Six also fail for being arbitrary and unsupported by the facts or evidence. Finally, Walters maintains that Counts Two through Six should also fail for being arbitrary and unsupported by facts or evidence.

Pursuant to V.I. R. Crim. P. 12(b)(3)(B)(iii), Walters challenges the Information as defective on the grounds that it lacks specificity. Walters asserts that Counts One through Six are neither fact specific nor supported by the evidence, so they should be dismissed for lack of specificity under a void-for-vagueness analysis.

*People of the Virgin Islands v. Rupert G. Walters, Jr.*
Case No. ST-2021-CR-00189
Memorandum Opinion – Motion for Consolidation
Page 7 of 9

Cite as 2022 VI Super 84U

The general rule is that at an "information must be a plain, concise, and definite written statement of the essential facts constituting the offense." V.I. R. Crim. P. 3(b); *see People v. McKenzie*, 66 V.I. 3, 9 (V.I. Super. Ct. 2017) and *People v. Whyte*, 62 V.I. 95, 100 (V.I. Super. Ct. 2015) (referencing Fed. R. Crim. P. 7(c), which is almost identical to V.I. R. Crim. P. 3(b)). But a defendant can challenge an Information for lack of specificity. V.I. R. Crim. P. 12(b)(3)(B)(iii).

When considering a motion to dismiss counts in an Information, the Court "accepts as true the factual allegations set forth in the information." *McKenzie*, 66 V.I. at 9 and *Whyte*, 62 V.I. at 102 (quoting *U.S. v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)). And "no greater specificity than the statutory language is required", *People v. Frett*, 2021 VI Super 121U, ¶11, "so long as there is sufficient factual orientation to permit the defendant to prepare his defense." *U.S. v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007). Crucially, "a pretrial motion to dismiss an information is not a permissible vehicle for addressing the sufficiency of the government's evidence." *McKenzie*, at 9; *Whyte*, at 102.

Walters cites cases that make clear that the void for vagueness analysis only applies to statutory interpretation. Specifically, Walters highlights *Mendoza v. People of the V.I.*, 55 V.I. 660, 667 (V.I. 2011), *Skilling v. United States*, 130 S. Ct. 2896, 2927-28 (2010), and *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). But Walters does not argue there is an issue with the statutory language of the charges brought against him. Thus, his reliance on the cited cases is misplaced.

*People of the Virgin Islands v. Rupert G. Walters, Jr.*
Case No. ST-2021-CR-00189
Memorandum Opinion – Motion for Consolidation
Page 8 of 9

Cite as 2022 VI Super 84U

The Court finds that the People have provided plain, concise, and definite written statements of the facts that they assert give rise to the offenses alleged, which allow Walters to prepare a defense. The People provided details about the incident, including the location and general time of occurrence. Several VIPD officers saw the video surveillance and allege that they recognized Walters as the one in the video given multiple prior contacts with him. Also, the People included the necessary statutory language to inform Walters of his charges.

The Court cannot dismiss a case or charges for lack of evidence in an affidavit. Even if the surveillance video does not reflect all the events surrounding the altercation between Walters and Scott, it would be improper for the Court to dismiss the charges. The People have the burden of proving the charges. And Walters certainly has the right to cross examine witnesses regarding the completeness of the surveillance footage and call his own witnesses to testify to what he believes is lacking in the surveillance footage. The law does not require that a surveillance video must contain all events, nor does the law require that any surveillance footage be introduced at trial. Sometime surveillance footage only tells part of a story, but even in those cases the Court has no authority to dismiss a charge if the facts supporting the charge do not appear on surveillance footage.[4] The People are left to prove the charges.

Despite Walters' argument regarding the sufficiency of the People's evidence, the Court finds the People have provided Walters with plain, concise, and definite statements of his charges. The Court finds that Walters' Motion to Dismiss for lack of specificity is inadequate. Therefore, the motion to dismiss Counts One through Six will be denied.

---

[4] This Court has not viewed any surveillance footage in this matter and thus it has no opinion on whether the surveillance footage encompasses any or all of the events charged in the Information.

*People of the Virgin Islands v. Rupert G. Walters, Jr.*
Case No. ST-2021-CR-00189
Memorandum Opinion – Motion for Consolidation
Page 9 of 9

Cite as 2022 VI Super 84U

## **CONCLUSION**

Considering the People have charged the same offense in multiple counts, the Court will order the People to consolidate Counts Two, Four, Six, Eight, and Ten into a single count. However, the portion of the motion that seeks to dismiss Counts One through Six will be denied because the People have provided Walters with plain, concise, and definite statements informing him of the charges brought against him. An Order in accordance with this Opinion will follow.

DATED: October **5**, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor  10 / 05 / 22